UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY J. CONERLY,<br>　　　　Plaintiff,<br>　　v.<br>LAURIE SMITH, et al.,<br>　　　　Defendants. | Case No. 16-cv-03168-MEJ (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY**<br>Re: Dkt. No. 14 |

Plaintiff, an inmate at the Santa Clara County Jail ("SCCJ"), filed this pro se civil rights complaint under 42 U.S.C. § 1983. On September 27, 2016, the Court determined that the complaint stated an Eighth Amendment claim for deliberate indifference to safety as against Sheriff Laurie Smith and John Hirokawa at SCCJ and ordered them served. Now before the Court is plaintiff's "discovery motion" in which he requests that defendants produce various documents and other information relating to his claim.

Plaintiff's discovery motion reflects his misunderstanding of the discovery process. A party may not obtain discovery by simply telling the Court what he wants to learn. The Court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy being sent to the Court. See Fed. R. Civ. P. 5(d)(1) (listing discovery requests and responses that "must not" be filed with the Court until they are used in the proceeding or the Court orders otherwise). In sum, plaintiff must send discovery requests directly to defense counsel, once defense counsel has appeared, and not to the Court.

Only when the parties have a discovery dispute that they cannot resolve among themselves

should the parties even consider asking the Court to intervene in the discovery process. The Court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. And to promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the Court requires that the parties meet and confer to try to resolve their disagreements before seeking Court intervention. See Fed. R. Civ. P. 37(a)(1); N.D. Cal. Local Rule 37. A plaintiff must engage in good faith efforts to meet-and-confer to try to resolve his discovery disputes before seeking an order compelling discovery.

Accordingly, plaintiff's "motion for discovery" is DENIED. The denial is without prejudice to plaintiff filing a motion to compel at some later date, but only after he has properly made discovery requests and has attempted to resolve any disagreements with opposing counsel before filing such a motion.

To the extent plaintiff seeks to discover the names of Doe defendants, plaintiff is free to attempt to obtain this information by using a subpoena duces tecum, also sometimes known as a records subpoena. Federal Rule of Civil Procedure 45 sets out the rules for issuing, serving, protesting, and responding to a subpoena duces tecum. Rule 45(d)(2)(A) allows a subpoenaing party to command production of documents and other things, without requiring the subpoenaed person or entity to personally appear at the place of production. The Clerk will send to plaintiff two blank subpoena forms for him to fill out completely and return to the Court to be issued by the Clerk so that he may serve them.

This order terminates Docket No. 14.

**IT IS SO ORDERED.**

Dated: November 14, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge