UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY J. CONERLY,<br><br>Plaintiff,<br><br>v.<br><br>LAURIE SMITH, et al.,<br><br>Defendants. | Case No. 16-cv-03168-SI<br><br>**ORDER REGARDING UNSERVED DEFENDANTS AND VACATING BRIEFING SCHEDULE**<br><br>Re: Dkt. No. 63 |

In this *pro* se prisoner's civil rights action, Rodney Conerly has sued several defendants for deliberate indifference to a risk to his safety while he was housed at the Santa Clara County Jail. Three of the five defendants named in his amended complaint have been served with process. On July 18, 2017, the court ordered Conerly to provide information to enable the Marshal to serve process on the two unserved defendants (i.e., deputies Bernal and Gray) because the Marshal had returned the original summonses for them with the following remarks: "'Unable to locate. Need first name or badge number.'" Docket No. 59. Conerly then informed the court that, by making inquiries of defense counsel, he had learned the badge numbers and first names for these defendants and that Gray was now retired and no longer employed by the County of Santa Clara. Docket No. 63. Conerly asked that the court order the Sheriff's Department to provide a home address for Gray and that the court order the Marshal to serve Bernal.

The court will not order the County of Santa Clara (a non-party) to provide the home address of a retiree. Conerly needs to fill out a subpoena and have it served if he wants to try that route to obtain an address for Carlton Gray. No later than **October 27, 2017**, Conerly must provide a current address at which Gray may be served with process. There are many ways Conerly might attempt to learn this information. For example, he could write to the personnel

offices of the County of Santa Clara or the Sheriff's Department to learn how to obtain the current address of a retired employee; he could issue subpoenas to those entities for records containing Gray's current address; or he could serve interrogatories on the other defendants to find out if they have a current address for Gray. It is Conerly's obligation, not the court's, to gather this information. In the alternative to providing an address for Gray, Conerly must show cause by that same deadline why he has not provided the information needed to locate Gray and serve process on him. If Conerly fails to provide sufficient information to enable service of process to be accomplished, Gray will be dismissed without prejudice unless Conerly shows cause for his failure to provide the information.

Service of process will be attempted on the other defendant (i.e., deputy Bernal) using the information Conerly has provided. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint, and a copy of all the orders in this action upon the Santa Clara County Sheriff's Deputy Gilbert Bernal (badge # 2604), at the Santa Clara County Jail. Deputy Bernal shall file a notice of appearance within **twenty days** after he is served with the summons and amended complaint.

In light of the need to resolve the service of process problems, the court now VACATES the briefing schedule set in the July 18, 2017 order for motions for summary judgment or other dispositive motions. Once the service of process problems are resolved, the court will set a new briefing schedule so that all the defendants will be on the same briefing schedule if possible.

When the parties do reach the point where they address the merits, they are reminded to be attentive to Conerly's custodial status at the relevant time. An inmate's status affects the analysis of his claims because a convicted prisoner's safety claim arises under the Eighth Amendment to the U.S. Constitution, whereas a pretrial detainee's safety claim arises under the Fourteenth Amendment to the U.S. Constitution. Until recently, the standards were considered roughly the same under the Eighth and Fourteenth Amendments, *see generally Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996), but more recently, the two standards have diverged with respect to the mental state requirement for a defendant. Under the Eighth Amendment standard applicable to prisoner claims, a defendant is deliberately indifferent if he knows that a prisoner faces a substantial risk of

2

serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* On the other hand, current Ninth Circuit precedent lowers the mental state showing required for a pretrial detainee's claim. A pretrial detainee must show that a defendant "did not take reasonable measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree or risk involved--making the consequences of the defendant's conduct obvious." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016 (en banc), *cert. denied,* 137 S. Ct. 831 (2017).

**IT IS SO ORDERED**.

Dated: August 25, 2017

SUSAN ILLSTON
United States District Judge