UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY J. CONERLY,<br>Plaintiff,<br>v.<br>LAURIE SMITH, et al.,<br>Defendants. | Case No. 16-cv-03168-SI<br><br>**ORDER TO STAY AND ADMINISTRATIVELY CLOSE THE CASE**<br><br>Re: Dkt. Nos. 71, 72 |

In this *pro se* civil rights action, plaintiff claims that various staff members at the Santa Clara County Jail were deliberately indifferent to his safety, in violation of his Fourteenth Amendment rights. Plaintiff was in custody at the time he filed this action, but later was released. *See* Docket No. 67-1.

This matter is now before the court for consideration of two recent filings. First, the court has received a request for a 180-day stay on plaintiff's behalf. Docket No. 72. The request is signed by his son and states that plaintiff suffered a stroke in the first week of October, experiencing partial paralysis on one side of his body, and remained hospitalized as of October 23, 2017. *Id.* Second, defendants have filed a discovery letter in which they report that plaintiff did not respond to their August 9, 2017 request for production of documents and did not respond to their September 21, 2017 meet-and-confer letter that requested a response within two weeks. Docket No. 72. (It cannot be determined from the filings whether plaintiff's stroke occurred before or after the deadline for him to respond to the meet-and-confer letter.)

Given the medical condition of the *pro se* plaintiff, it does not appear that plaintiff could now respond to the request for production of documents, even if ordered to do so. The court therefore declines to order plaintiff to respond to the request for production of documents at this

1    time.  If and when this action ever resumes, defendants are welcome to move to compel responses
2    to their request for production of documents.
3        Plaintiff's request for a stay is GRANTED.  Docket No. 72.  There does not appear to be
4    any reason to stay the case for exactly 180 days, as it may take much less or much more time for
5    plaintiff to recover from his stroke.  Within thirty days of the date on which plaintiff is both out of
6    the hospital and is again able to read and write, plaintiff must file a motion to lift the stay, so that
7    this litigation may resume.  This action is now STAYED until further order of the court.  The clerk
8    shall ADMINISTRATIVELY CLOSE the case.
9        The court has concerns about an inmate who appears to be directing or controlling this
10   action for plaintiff.   The request for a stay came to the court in an envelope sent by Rudy Wilkins,
11   an inmate at San Quentin State Prison.  The envelope has Wilkins' San Quentin State Prison
12   address as the return address, and the envelope has "NSF" stamped on it, which apparently is
13   stamped on mail when a prisoner has "non-sufficient funds" so that the State must pay for the
14   postage.  Docket No. 72-2.  Wilkins has been at San Quentin throughout 2017, as can be
15   determined from his other filings.  *See Wilkins v. Alameda Co. Sheriff's Dept.*, No. 17-cv-340 LB.
16   Although he was at San Quentin State Prison, Wilkins signed several proofs of service attached to
17   the request for a stay, stating under penalty of perjury that he sent documents from Emeryville on
18   October 1 and 23, 2017.  *See* Docket No. 72 at 7-8, 11-14; Docket No. 72-1.  These facts raise two
19   concerns.  First, Wilkins is cautioned to learn about the prison's rules for indigent mail services
20   because he may face adverse consequences within the prison if he is misusing the prison's
21   indigent mail service.  Second, the certificates of service purportedly mailed from Emeryville by
22   someone in state prison appear to be incorrect.  Plaintiff Conerly is cautioned that he is responsible
23   for the prosecution of this case, and that filings on his behalf with false statements reflect as
24   poorly on him as on the person who signs the documents.
25   **IT IS SO ORDERED**.
26   Dated: November 8, 2017

_____
SUSAN ILLSTON
United States District Judge

2